﻿Citation Nr: AXXXXXXXX
Decision Date: 07/30/19 Archive Date: 07/30/19

DOCKET NO. 190102-2015
DATE: July 30, 2019

ORDER

The appeal of separate evaluations of 80 percent for folliculitis scar, back of head and neck, and 30 percent for scars of the head, face, neck, and anterior chest is harmless error and the appeal is denied. 

FINDING OF FACT

In a February 2014 rating decision, an 80 percent rating was assigned to folliculitis scar, back of head and neck, and a 30 percent rating was assigned to five or more painful scars of the head, face, neck and anterior chest, previously subject to a combined evaluation of 90 percent, which did not result in a reduction of benefits.

CONCLUSION OF LAW

A harmless error resulted in assigning separate evaluations of 80 percent for folliculitis scar, back of head and neck, and 30 percent for scars of the head, face, neck, and anterior chest, previously subject to a 90 percent combined rating. 38 C.F.R. §§ 3.105, 4.25, 4.118, Diagnostic Codes 7800, 7804. 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran had active service from August 1987 to October 2007. 

The Board notes that the rating decision on appeal was issued in February 2014. In May 2018, the Veteran elected the modernized review system. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)). Thereafter, another rating decision was issued in November 2018.

In a March 2008 rating decision, service connection was established for folliculitis scar, back of head and neck, and a 30 percent rating was assigned, effective November 1, 2007. 

In a November 2011 rating decision, folliculitis scar, back of head and neck, was assigned a combined rated of 90 percent, effective August 26, 2011. Specifically, an 80 percent rating was assigned in contemplation of six or more characteristics of disfigurement per 38 C.F.R. § 4.118, Diagnostic Code 7800; and, a 30 percent rating was assigned in contemplation of five or more painful scars per Diagnostic Code 7804. The ratings were combined per 38 C.F.R. § 4.25, resulting in a 90 percent combined rating. From August 26, 2011, his combined rating was 100 percent in contemplation of all of his service-connected disabilities. The Veteran expressed disagreement with the effective date assigned for the increased rating.

In a February 2014 rating decision, a harmless error was found in the combined evaluation of 90 percent for folliculitis scar, back of head and neck. It was explained in the rating decision that a harmless error is an error which results in a change that is purely administrative and does not affect the outcome of the benefits. It was determined that the November 2011 rating decision created and perpetuated a harmless error in the combining of evaluations under § 4.25. Thus, an 80 percent rating was assigned to folliculitis scar, back of head and neck, in contemplation of six or more characteristics of disfigurement per Diagnostic Code 7800; and, a 30 percent rating was assigned to five or more painful scars of the head, face, or neck area and 4 painful scars of the anterior chest, effective August 26, 2011. The combined rating in contemplation of all of his service-connected disabilities remained 100 percent. 

In March 2014, the Veteran expressed disagreement with the February 2014 rating decision which provided separate ratings for the scars. 03/18/2014 Form 9. 

In an October 2015 Board decision, an effective date of January 28, 2011, was assigned to the 80 percent evaluation for folliculitis scar, back of head and neck. An April 2016 rating decision, implemented the Board’s decision, assigning the 80 percent rating to folliculitis scar, back head and neck, effective January 28, 2011. 

Based on review of the evidence of record, the Board finds that the action taken in the February 2014 rating decision in separating the ratings assigned to folliculitis scar, back of head and neck, and painful folliculitis scars, back of head, neck, and anterior chest area constituted a harmless error. As explained in the November 2011 rating decision, an 80 percent rating was assigned per Diagnostic Code 7800 for six or more characteristics of disfigurement which is the highest rating assignable for this diagnostic provision; and, a 30 percent rating was assigned per Diagnostic Code 7804 in contemplation of five or more painful scars which is the highest rating assignable for this diagnostic provision. The Agency of Original Jurisdiction (AOJ) then combined the ratings per § 4.25, Table I – Combined Ratings Table. Per § 4.25, an 80 percent rating combined with a 30 percent rating per Table I results in an 86 percent rating which is converted to 90 percent (nearest degree divisible by 10) to represent the final degree of disability. Thus, a 90 percent combined rating was assigned for folliculitis scar, back of head and neck. Such combined rating of 90 percent with consideration of his other service-connected disabilities (sleep apnea; right shoulder AC joint arthritis; mechanical low back pain; essential hypertension; left patellofemoral arthritis; status post Achilles tendon rupture and left ankle arthritis) resulted in a total 100 percent combined evaluation per § 4.25. In the February 2014 rating decision, the AOJ simply separated the effects of the scar ratings to represent an 80 percent rating for folliculitis scar, back of head and neck, and a 30 percent rating for five or more painful scars of the head, face, or neck area, and anterior chest. Such ratings were then combined with consideration of his other service-connected disabilities and a total 100 percent combined evaluation remained in effect. The AOJ’s decision to separately rate the Veteran’s disabilities amounted to a harmless error, as the decision did not result in a reduction of benefits. As the decision to separately rate the Veteran’s scar disabilities was harmless error and did not result in a reduction of benefits, the appeal is denied.

 

Eric S. Leboff

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD M.W. Kreindler, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.